IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ATTICUS B. CONWAY,** ) | |
| Plaintiff, ) | Civil Action No. 7:22cv00734 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MIDDLE RIVER REGIONAL JAIL,** ) | By:  Robert S. Ballou |
| Defendant. ) | United States District Judge |

Atticus B. Conway, a Virginia inmate proceeding *pro se*, has filed this civil rights action against the Middle River Regional Jail under 42 U.S.C. § 1983, alleging that the jail withheld his medication for "a week or more" when he entered the facility, resulting in his hospitalization for near fatal health consequences which left him with permanent brain damage.  Upon screening of the complaint pursuant to 28 U.S.C. § 1915A(a), the court finds that Conway has failed to state a claim against this defendant upon which relief can be granted.

A valid cause of action under § 1983 must allege a deprivation of Constitutional rights by a *person* acting under color of state law.  The jail itself is not a person subject to suit under § 1983.  *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992).  To the extent that Conway is intending to sue the jail *authority* that operates the regional jail—which he has not alleged—that entity can only be liable for constitutional violations alleged to result from a custom or policy adopted by the jail authority, not merely because its employees committed an unconstitutional act.  *Monell v. Department of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978).  Because Conway has failed to name a defendant who can be sued under § 1983, he has failed to state a claim upon which relief may be granted.[1]

---

[1] Because the claim is not one for which relief can be granted, Conway's motion for extension of time to serve his complaint on the defendant is moot.

An appropriate Order will be entered this day.

        Enter:  June 11, 2023

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge